IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01494-BNB

ANTHONY OWENS,

    Applicant,

v.

JOE ORTIZ, Executive Director, Colorado Department of Corrections,  and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

---

## ORDER OF DISMISSAL

---

    Applicant, Anthony Owens, a state prisoner in the custody of the Colorado Department of Corrections, currently is incarcerated at the correctional facility in Sterling, Colorado.  Mr. Owens, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in which he challenges the validity of his conviction and sentence in Denver District Court consolidated Case Nos. 00CR2104, 00CR2169, and 00CR2200.

    On June 20, 2012, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  After requesting an extension of time to file the Pre-Answer Response, Respondents submitted a Response on July 30, 2012.  Mr. Owens has not replied to the Response.

The Court must construe liberally the Application filed by Mr. Owens because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not "assume the role of advocate for the *pro se* litigant." *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

In May 2005, Mr. Owens was convicted by a jury of one count of first degree kidnapping, six counts of second degree kidnapping, five counts of aggravated robbery, and two counts of menacing in the consolidated cases. Pre-Answer Resp., ECF No. 16, at 1-2 and Application, ECF No. 2, at 2. The Colorado Court of Appeals (CCA) reversed the kidnapping convictions for instructional error, affirmed the robbery and menacing convictions, and remanded for retrial on the kidnapping counts. *People v. Owens*, 97 P.3d 227, No. 01CA1712 (Colo. App. Jan. 29, 2004). Mr. Owens sought certiorari review, *see* ECF No. 16-8, but the Colorado Supreme Court (CSC) denied review on August 16, 2004, *see* ECF No. 16-9. Because the remanded kidnapping charges were not retried within the time allotted under state law the trial court dismissed the charges on July 21, 2005, ECF No. 16-11 at 2, and entered an amended mittimus reflecting only the aggravated robbery convictions and his 256-year sentence. Mr. Owens did not appeal the July 21 order.

On November 15, 2005, Mr. Owens filed a 28 U.S.C. § 2254 action in this Court, *see Owens v. Ortiz, et al.*, No. 05-cv-02406-WDM-BNB (D. Colo. Feb. 10, 2009), that he voluntarily dismissed. Mr. Owens then filed a Colo. R. Crim. P. 35(a) and 35(c) postconviction motion on February 18, 2009. ECF No. 16-1 at 7. The postconviction

motion was denied, the denial was affirmed on appeal, and the CSC denied certiorari review on April 30, 2012. ECF Nos. 61-16, 61-22, and 61-24. Mr. Owens filed the instant action on June 8, 2012.

Respondents argue that this action is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Owens' conviction became final on September 6, 2005, when the time ran for appealing the sentence entered on July 21, 2005. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (citing *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999);

Colo. App. R. 4(b) and 26(a) (the last day of the period computed is included unless it is a Saturday, Sunday, or holiday, in which case the period runs until the end of the next day that is not a Saturday, Sunday, or holiday).  Pursuant to Rule 4(b) of the Colorado Appellate Rules that was in effect at the time Mr. Owens was resentenced, he had forty-five days to file a notice of appeal after he was sentenced.  Accordingly, for purposes of § 2244(d), time began to run on September 7, 2005, the day after Mr. Owens' amended sentence became final.

The Court next must determine whether any of Mr. Owens' state postconviction motions tolled the one-year limitation period.  Pursuant to 28 U.S.C.§ 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending.

The one-year limitation period ran for more than three years, from September 7, 2005, the day after Mr. Owens' conviction became final, until February 17, 2009, the day prior to when he filed a Rule 35(b) and (c) postconviction motion.  Although Mr. Owens initiated a federal habeas action during this time, the pendency of that action did not toll the one-year limitation period in § 2244(d).  *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)" and "therefore did not toll the limitation period during the pendency of [an applicant's] first federal habeas petition").  Accordingly, unless equitable tolling applies, Mr. Owens' Application is time-barred.

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling."  *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010).  "[A] petitioner is

entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks and citation omitted); *accord Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (" 'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.' ") (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)).  The inmate must allege with specificity the steps he took to pursue his federal claims.  *Yang*, 525 F.3d at 930.  Finally, the inmate bears the burden of demonstrating that equitable tolling is appropriate.  *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period.  *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).  "A sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for the failure to bring these claims forward earlier."  *Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010).

Mr. Owens fails to allege any facts that might justify equitable tolling of the one-year limitation period with respect to his claims.  In the Application, on Page Seven under Section "F. Timeliness of Application," Mr. Owens refers to the documents he attached to the Application.  ECF No. 1 at 18-22.  These documents include a letter and motion he filed in *Owens v, Ortiz, et al.*, No. 05-cv-02406-WDM-BNB (D. Colo. Dec. 10, 2009), and the subsequent order of voluntary dismissal entered by the court in Case No. 05-cv-02406-WDM-BNB.  *See* Case No. 05-cv-02406 at ECF Nos. 41, 42, and 45.

In the motion to withdraw, Mr. Owens expresses to the court that he wants to withdraw the § 2254 application and proceed in state court with a Rule 35(a) postconviction motion. *Id.* at ECF No. 41. In the letter claiming a lack of understanding, Mr. Owens seeks advice from the Court on whether he should proceed with a Rule 35(a) proceeding in state court or continue with the § 2254 action. *Id.* at ECF No. 42. The court entered an order to show cause regarding Mr. Owens' conflicting filings. *Id.* at ECF No. 43. The court also instructed Mr. Owens that it was not able to give legal advice to him notwithstanding his *pro se* status and that he was required to respond and show cause why the court should not address the motion to withdraw the application. *Id.* at 2. Mr. Owens responded and asked the court to dismiss the § 2254 action without prejudice so he could return to state court and file a Rule 35(a) and (c) postconviction motion. *Id.* at ECF No. 44.

As stated above, the time during which a § 2254 action is pending is not tolled for the purposes of § 2244(d). *Duncan,* 533 U.S. at 181-82. Even if Mr. Owens was not aware of the law under *Duncan*, it is well established that "ignorance of the law, even for an incarcerated pro se [applicant], generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks and citation omitted). Because Mr. Owens does not indicate he pursued his claims diligently or that some extraordinary circumstance stood in his way preventing him from doing so, the Application is time-barred under 28 U.S.C. § 2244(d).

Because the action is time-barred, the Court need not address Respondents' argument that Mr. Owens' claims are procedurally defaulted and in part not cognizable

in a § 2254 action.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Owens files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that Mr. Owens' Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Owens has failed to show that jurists of reason would find it debatable that the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  14th  day of     September    , 2012.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Judge
United States District Court